# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY HILL, | CASE NO. 09cv1327-LAB (CAB) |
|---|---|
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | |
| DOMINGO URIBE, Warden, | |
| Respondent. | |

Petitioner Anthony Hill, a prisoner in state custody, sought habeas relief pursuant to 42 U.S.C. § 2254. On February 4, 2011, the Court issued an order denying the petition. Judgment was entered February 7 and a certificate of appealability denied February 8.

Hill has now filed a motion for reconsideration (the "Motion"), which the Court construes as a motion under Fed. R. Civ. P. 59(e). Fed. R. Civ. P. 60(b) also provides for relief from a final judgment, but none of the reasons are applicable here.

In its order of February 4, the Court noted that Hill had no state habeas petition pending from June 29, 2006 to December 3, 2007, and therefore waited 17 months between rounds of his state habeas petition. Because this was an unreasonable delay as a matter of law, the Court found that Hill was not entitled to equitable tolling for the three-year period between his final conviction and his filing of the petition in this Court.

The Motion argues Hill's private counsel, who was assisting him with filing state habeas petitions, is to blame for the 17-month delay. Though Hill has provided documentary

evidence showing he was represented by counsel, Hill's claims of malpractice are supported only by his own unsworn allegations that his attorney misled him about what was going on in his case.

This is the first time Hill has made this argument to this Court. Even though Respondent specifically pointed this out, arguing that Hill's petition was untimely for this reason alone (Ans. to Pet., 11:18–21, 12:18–26, 14:1–3), Hill ignored this argument in his traverse, and certainly never raised the claims he is now raising. The traverse instead made the meritless argument that Respondent could not rely on AEDPA's limitations period as a bar, because of Respondent's own delay in filing a motion to dismiss in this case. The remainder of the traverse focused on the merits of Hill's claims.[1]

Hill's attempt to raise these arguments for the first time in a motion for reconsideration is improper, and for that reason alone would be denied. "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation and internal quotation marks omitted).

Furthermore, Hill's arguments are unavailing. After Hill allegedly realized his counsel had abandoned him and began representing himself in state habeas proceedings, he filed a petition in the California Supreme Court. That court found his petition was untimely and repetitive. (Lodgment 18 at 2.) The Court is required to accept the determination of a factual issue made by a state court, unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Knowing that his petition was filed after an unreasonable delay, Hill could and should have shown the

---

[1] Magistrate Judge Bencivengo's report and recommendation (the "R&R") recommended denying the petition on the merits, finding it simpler than wading through the miry procedural history of Hill's various state habeas petitions. But precedential decisions issued after the R&R made resolution of this issue simpler, so the Court reached it in its February 4 order. The fact that the R&R didn't rely on the time bar does not help Hill, however. As soon as he filed his traverse, failing to address this issue, the Court could have withdrawn its reference of the petition to Judge Bencivengo at any time, and denied relief based solely on the answer and traverse. He was not entitled to ignore this issue during briefing and raise it in a motion for reconsideration.

California Supreme Court why his petition shouldn't be denied as untimely. But either he didn't make this showing, or else the court rejected it. Either way, Hill's allegations and meager documentary evidence don't rebut the California Supreme Court's finding of untimeliness.

The U.S. Supreme Court's recent holding in *Walker v. Martin*, ___ S.Ct. __, 2011 WL 611627 (Feb. 23, 2011) further confirms that denial is required, because Hill procedurally defaulted in state court and has made no adequate showing of cause and prejudice. *See id.* at \*6 (citing *Wainwright v. Sykes*, 433 U.S. 72, 84–85 (1977)).

One point in the Court's order of February 4, 2011 bears clarification, however. That order says Hill's conviction became final when the California Supreme Court, *en banc*, denied appellate review on April 20, 2005. (Order at 3:5–6.) More specifically, the order should have clarified that his conviction became final ninety days after that date. *See Brown v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005). The February 4 order is therefore deemed **AMENDED** to reflect this clarification. This amendment does not affect the outcome of the case in any way, however.

Hill's motion for reconsideration is **DENIED**. For reasons explained in the Court's earlier rulings, the certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: March 10, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge