# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HILL,<br><br>  Petitioner,<br>vs.<br><br>DOMINGO URIBE, Warden,<br><br>  Respondent. | CASE NO. 09cv1327-LAB (CAB)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL** |

Petitioner Anthony Hill was convicted in state court of robbing two tourists and shooting one of them. After vainly seeking habeas relief in California state court, he filed his petition in this Court. The Court granted his motion to proceed *in forma pauperis* (IFP). After the Court denied his petition and his motion for reconsideration, and denied a certificate of appealability, Hill filed a notice of appeal. He also filed a motion and affidavit for leave to proceed (IFP) on appeal.

Under Fed. R. App. P. 24(a)(3)(B), a petitioner proceeding IFP in the district court may also proceed IFP on appeal unless the Court certifies the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed IFP.

Hill's notice of appeal does not say what issues he is appealing or set forth any argument. As explained in the Court's orders of February 7, 2011 (Docket no. 25, Order Denying Petition, and March 11, 2011 (Docket no. 30, Order Denying Motion for Reconsideration), his petition is clearly time-barred under AEDPA unless his claims of "actual

innocence" can serve as a gateway through which his time-barred claims could be brought. At the time the Court denied the petition, it was relying on *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010), which held that claims of actual innocence could not serve as such a gateway. Since then, however, the Ninth Circuit, sitting en banc, has reversed its holding. *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) ("We hold that a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] gateway and have his otherwise time-barred claims heard on the merits.")

To take advantage of this exception to untimeliness, Hill's claim must be <u>credible</u>, and such cases are "extremely rare." *Lee*, 653 F.3d at 937 (quoting *Schlup*). "To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 938 (quoting *Schlup* at 327). The standard, which the Ninth Circuit describes as "exacting," permits review only in extraordinary cases. In cases where a petitioner seeks to pass through this gateway, the Court may make credibility assessments, and is directed to ask whether a trier of fact "would" (*i.e.*, was likely to) reach the conclusion that the petitioner was guilty. *Id*. at 938 n.13. A petitioner bringing such a claim must support his allegations with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 938 (quoting *Schlup* at 324). The habeas court then considers <u>all</u> evidence, whether admissible at trial or not, and makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id*. at 938 (quoting *House v. Bell*, 547 U.S. 518, 548 (2006)).

Here, the state courts have done a good deal of this work already. The California Court of Appeals considered Hill's newly discovered evidence, and concluded it was not strong or particularly helpful to him. That court noted Hill's new alibi evidence did not show anything about where he was on the day. It called the testimony of his three new witnesses "facially defective." Lodgment 18 at 4–5. A good deal of this "new evidence" was presented to the trial court at a hearing on Hill's motion for a new trial, which the state court denied.

(Lodgment 2 at 527–84.) The trial court also pointed out that none of the witnesses were prepared to say they saw the shooting. (Lodgment 2 at 530, 576–77.) These findings are presumed to be correct, and Hill bears the burden of rebutting them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As the Court noted in its order denying the petition, Hill didn't provide any additional evidence; instead, he merely argued the state court's findings were unreasonable. (*See* Docket. 25 at 5:1–10.) The Court analyzed this evidence at some length, and concluded that Hill's rebuttal was insufficient. (*Id.* at 5:11–8:2.)

To summarize, Hill's three new witnesses are prepared to say they think someone else, not Hill, was the robber and shooter. The three witnesses are friends of another witness, who in turn was the friend of Hill and his wife. All three were prepared to say that someone else was present around the time of the shooting, and that the other man was the robber and shooter. The declarations are lacking in detail showing the witnesses had adequate opportunity to know who committed the robbery and shooting, and they contradict each other and the record on important details. For example, one witness was prepared to testify that the other man looked like Hill (which might suggest that the victims' identification of Hill was a mistake), but two other witnesses said the man did not look like Hill. In order to piece together an argument showing this new evidence is exculpatory, Hill would have to pick and choose only those parts of it that are favorable to him and ask the trier of fact to ignore the rest. It is not enough that Hill has presented exculpatory eyewitness testimony: such testimony must be "trustworthy," *Lee*, 653 F.3d at 938, and this testimony falls short of that standard.

It is also worth noting that Hill attempted to argue he was in Long Beach at the time the shooting and robbery were taking place in San Diego, but this turned out to be a disaster for Hill. Not only did his alibi not stand up, but it was also discovered that Hill's wife was one of two women who accompanied the robber (possibly as accomplices) when he was preparing to rob the two tourists. The fact that the three new witnesses are part of Hill's circle of friends likewise tends to connect Hill to this crime, and does nothing to enhance their credibility.

The Court has not discussed all the incriminating evidence, but it is substantial. Both victims identified Hill, both in a photo lineup and in court. One of the victims had received police academy training on identifying criminals, and was able to explain how he used his training to remember identifying factors about Hill. Hill also met the robber's general description given to police after the robbery. Both the victim and Hill's uncle identified Hill's wife as one of the women who was accompanying the robber. The tendency of Hill's uncle's testimony to incriminate him is underscored by Hill's claim that his attorney was incompetent for calling him as a witness.

The additional evidence Hill offers does not strongly undercut the evidence that sufficed to convict him. In all likelihood, a trier of fact would conclude he persuaded people a friend of his knew to offer what he hoped would be exculpatory testimony but which turned out to be muddled, contradictory, and incomplete.

Reasonable jurists might disagree with the state courts' factual findings. But applying the deferential standard this Court and all federal courts are required to apply to state court findings, reasonable jurists would not conclude those findings had been rebutted by clear and convincing evidence. And even if the Court were not bound by deference to any state court findings, the whole body of evidence, including new evidence Hill now offers, does not meet the high standard required to pass through the *Schlup* "actual innocence" gateway. While it is possible a trier of fact could find Hill not guilty in light of the new evidence, reasonable jurists could not conclude this was one of those "extremely rare" cases where it is "more likely than not that <u>no reasonable juror would have convicted him</u> in the light of the new evidence." *Lee*, 653 F.3d 938 (quoting *Schlup* 513 U.S. at 327) (emphasis added).

Because Hill's claims cannot pass through *Schlup*'s "actual innocence" gateway, they are clearly time-barred under AEDPA. Among other things, Hill left an obviously unreasonable 17-month gap between rounds of state habeas review. In addition, the California Court of Appeals denied Hill's third and fourth petitions both on the merits <u>and</u> as untimely (*see* Lodgment 18 at 2; Lodgment 22 at 1), and Hill never appealed either ruling to the California Supreme Court. *See Evans v. Chavis*, 546 U.S. 189, 194 (2006) (quoting

*Carey v. Saffold*, 536 U.S. 214, 226 (2002)) (explaining that if California Supreme Court denied petition as untimely, "that would be the end of the matter").

The Court therefore **CERTIFIES** this appeal is not taken in good faith, and **DENIES** the motion for leave to proceed IFP on appeal.

**IT IS SO ORDERED**.

DATED: December 16, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge