1
2
3
4
5
6
7
8   **UNITED STATES DISTRICT COURT**
9   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ANTHONY HILL,                           CASE NO. 09cv1327-LAB (CAB)

12                    Petitioner,    **ORDER DENYING LEAVE TO**
            vs.                          **FILE DOCUMENTS UNDER SEAL**
13  DOMINGO URIBE, Warden,

14                    Respondent.
15

16      Petitioner's counsel filed a motion for an order authorizing funds to conduct an

17  investigation in support of the petition for writ of habeas corpus. Because no explanation of

18  what the money would be used for was provided, the Court ordered additional briefing.

19  Instead of filing a brief supported by an affidavit, Petitioner's counsel lodged a brief and

20  submitted a proposed order to seal it.

21      The proposed order (lodged in paper form only, rather than in editable electronic

22  format) includes the recital that the documents are sealed for good cause. There was no

23  effort to show good cause, however. No motion to seal was filed, and no explanation of why

24  sealing is appropriate was provided.

25      Filing of documents *ex parte* and under seal is not automatic in civil cases, including

26  habeas proceedings, nor is it even very common. The First Amendment creates a "strong

27  presumption" in favor of public access to court proceedings and records. *Press-Enterprise*

28  *Co. v. Superior Court*, 478 U.S. 1, 10 (1986); *Globe Newspaper Co. v. Superior Court*, 457

U.S. 596, 603 (1982).  The party seeking to seal records must show good cause for sealing records supporting a non-dispositive motion.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court must weigh factors such as the public interest in understanding the judicial process and whether disclosure of the material could result in its improper use, and must articulate a factual basis justifying confidentiality, not based on hypothesis or conjecture. *Id.* at 1177.

Furthermore, the briefing Petitioner's counsel wishes to have sealed does not appear to concern confidential matters at all. This is a civil case, not a criminal trial. Petitioner is collaterally attacking a past conviction, not facing possible conviction going forward. And in the hypothetical event his conviction were vacated and he were tried again, the information in the briefing would not prejudice him; this is particularly true with regard to information on the attorney abandonment issue, which has nothing to do with his underlying conviction.

Allowing the documents to be filed under seal would violate Respondent's due process rights. Whether Petitioner should be permitted to undertake discovery is a disputed issue in this case. With the Court's leave, Respondent filed a brief opposing discovery (Docket no. 48), and argument on the issue is scheduled.  Entertaining Petitioner's secret arguments in a document Respondent isn't allowed to see would be improper. And of course the public has an interest in knowing how and why public funds are being expended, to gather information about whether habeas petitioners are being coddled or harshly treated, and to make their views on these subjects known. Sealing these documents would stymie these legitimate exercises of important rights.

Leave to file documents under seal is **DENIED**. Petitioner may file his briefing in the docket.

**IT IS SO ORDERED**.

DATED:  June 20, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge